**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GUY McEACHIN,

                          Plaintiff,

        - v -                                         Civ. No. 9:06-CV-1192
                                                                   (DNH/RFT)

GLENN S. GOORD, *Commissioner of DOCS*;
DONALD SELSKY, *Director of SHU*;
ROY A. GIRDICH, *Superintendent of Upstate Correctional Facility*;
WHITE, *Facility Nurse*;  SGT. SNYDER; B. POUPERI,[1] *Correction Officer*,

                          Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

GUY McEACHIN
Plaintiff, *Pro Se*
00-A-5257
Attica Correctional Facility
Box 149
Attica, N.Y.14011

HON. ANDREW M. CUOMO                     RISA L. VIGLUCCI, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol                                            ROGER W. KINSEY, ESQ.
Albany, N.Y. 12224                                Assistant Attorney General

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

     *Pro se* Plaintiff Guy McEachin brings this civil rights claim asserting that his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments were violated by the named Defendants and seeking compensatory and punitive damages, as well as injunctive relief, under 42

---

     [1] It appears, based on Defendants' submissions, that the correct spelling of Defendant Pouperi's name is "Poupore." We will hereinafter use Defendants' spelling.

U.S.C. § 1983. Dkt. No. 1, Compl. Defendants Goord, Selsky, White, and Girdich now seek to dismiss the Complaint for failure to state a claim upon which relief can be granted under Rule 12 of the Federal Rules of Civil Procedure. Dkt. Nos. 23 & 29, Defs.' Mot. to Dismiss.[2] Plaintiff opposes the Motion. Dkt. No. 35, Pl.'s Opp. to Defs.' Mot. to Dismiss. For the reasons that follow, we recommend that Defendants' Motion to Dismiss be **granted**.

## I. BACKGROUND

The Plaintiff's claims are as follows:[3] 1.) Defendants Goord, Selsky, and Girdich promulgated a policy that allowed superintendents to designate "DOCS subordinates" (counselors, captains, lieutenants) as hearing officers to preside over disciplinary hearings in violation of Plaintiff's and others' due process rights, Compl. at ¶¶ 16-24; 2.) Plaintiff's due process rights were violated during his many disciplinary hearings, resulting in atypical and significant hardship, *id*. at ¶¶ 25-34; 3.) Plaintiff was unlawfully transferred from keeplock to SHU while serving a disciplinary sentence, *id*. at ¶¶ 35-41; 4.) On October 9, 2003, Defendant White gave Plaintiff illegal medication at the direction of Lieutenant (Lt.) O'Donnell[4] and then wrote a fabricated report on Plaintiff's Ambulatory Health Record (AHR), *id*. at ¶ 65; and 5.) Defendants Snyder and Poupore violated Plaintiff's First and Eighth Amendment rights when they assaulted him in retaliation for filing complaints against the staff at Upstate Correctional Facility, *id*. at ¶¶ 67-73.

---

[2] It appears that there were two separate Motions to Dismiss filed, one on behalf of Defendants Goord, Selsky, and White (Dkt. No. 23), and one on behalf of Defendant Girdich (Dkt. No. 29). Plaintiff has filed a single response to both Motions. Dkt. No. 35, Pl.'s Opp. to Defs.' Mot. to Dismiss. Because the legal arguments in these briefs are nearly identical, we will hereinafter refer to them singularly as the Defendants' Motion to Dismiss. Defendants Snyder and Poupore have separately answered the Complaint and have not moved for dismissal. *See* Dkt. No. 22, Ans.

[3] Plaintiff makes several vague and conslusory claims against persons who are not named Defendants in this action. *See generally* Compl. We will not consider the merit of these claims.

[4] Lt. O'Donnell is not a named Defendant in this action.

Because Defendants Snyder and Poupore have not joined the Motion to Dismiss, we will not consider Plaintiff's claims against them.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Furthermore, "the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999); *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (citations omitted). Additionally, "[i]n assessing the legal sufficiency of a claim [under 12(b)(6)], the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference." *Green v. New York State Dep't of Corr. Servs.*, 2003 WL 22169779, at *1 (N.D.N.Y. Aug. 27, 2003) (internal quotation marks and citations omitted) (alterations in original).

Pleadings submitted by *pro se* litigants "should be 'construed liberally,' *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam)," and a complaint "should not be dismissed unless 'it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations[,]'" *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)). A "dismissal on the pleadings is never warranted unless the plaintiff's allegations are doomed to fail under any available legal theory." *Phillips v. Girdich*, 408 F.3d at 128.

**B. Due Process Claims**

1. *Hearing Officers*

Plaintiff asserts that his due process rights were repeatedly violated when Defendants Goord, Selsky, and Girdich promulgated a policy allowing counselors, captains, and lieutenants to preside as hearing officers over Tier III disciplinary proceedings. Compl. at ¶ 17. As Plaintiff recognizes, Title 7 of the New York Codes Rules and Regulations § 253.1 (7 N.Y.C.R.R. § 253.1) gives superintendents the discretion to designate DOCS employees to conduct disciplinary hearings, Compl. at ¶ 21, however, Plaintiff argues that said regulation violates New York Civil Service Law § 61,[5] as well as the contract between New York State and the Public Employees Federation[6] because it constitutes "out-of-title work" for those state employees, *id.* at ¶ 22.

To the extent that Plaintiff's claims are based on an alleged breach of a contract to which he is not a party, Plaintiff does not have standing to bring such a claim. "The Constitution limits the jurisdiction of Article III courts to matters that present actual cases or controversies." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 69 (2d Cir. 2001). In order to have standing to pursue a claim in federal court a plaintiff must allege "an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). Plaintiff does not have any interest in a contract between a third party and

---

[5] New York Civil Service Law § 61(2) states
[n]o person shall be appointed, promoted or employed under any title not appropriate to the duties to be performed and, except upon assignment by proper authority during the continuance of a temporary emergency situation, no person shall be assigned to perform the duties of any position unless he has been duly appointed, promoted, transferred or reinstated to such position in accordance with the provisions of this chapter and the rules prescribed thereunder.

[6] The Public Employees Federation is a union representing 53,000 professional, scientific, and technical state employees. Information *available at* www.pef.org.

New York State and therefore lacks standing to bring this claim based on an alleged breach of that contract.

Plaintiff's argument that Defendants violated New York Civil Service Law § 61 is similarly erroneous. A plaintiff making a claim pursuant to 42 U.S.C. § 1983 must allege a violation of federal constitutional rights; § 1983 is not a vehicle to redress alleged violations of state laws. *See Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("In order to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right."). Thus, Plaintiff's allegation that the Defendants violated state law is unavailing.

Assuming Plaintiff meant to challenge 7 N.Y.C.R.R. § 253.1 as violative of the Due Process Clause of the Fourteenth Amendment on its face, that argument must also fail. The Due Process Clause does not require that any specific individual preside over disciplinary hearings within prison walls, only that the hearing officer be impartial and not prejudge the evidence. *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996); *see also Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974).

### 2. *Disciplinary Hearings*

Plaintiff asserts that his due process rights were violated during a slew of Disciplinary Hearings because they were presided over by "unqualified hearing officers." Compl. at ¶ 26. Although Plaintiff specifies that he was denied the right to a fair and impartial fact finder, the right to be heard and to present a defense, the right to present documentary evidence, the right to call witnesses on his behalf, and the right to be present when his witnesses testified, he does not plead any facts alleging how or in which proceedings these rights were violated. *Id*. at p. 6. In that respect, it appears Plaintiff is arguing that because he was denied "qualified" hearing officers, all of his aforementioned due process rights were tainted merely because of the participation of those

officers. *See id.* at ¶ 26 (stating his due process rights "were made a mockery of when the defendants allowed unqualified hearing officers to conduct and convict plaintiff at these hearings"). As stated above, Plaintiff does not have a viable due process claim with respect to the qualifications of hearing officers, and therefore this claim must fail as well.

To the extent Plaintiff is asserting that all of the above due process rights were violated by the presiding Hearing Officer in each of his Disciplinary Hearings, he has failed to plead sufficient facts that would enable the Defendants to respond to that claim and the Court to assess its plausibility on its face. Such a conclusory claim is not one upon which relief can be granted. *See Bell. Atl. Corp. v. Twombly*, 127 S. Ct. at 1958-9 (stating that a valid claim must have enough factual allegations "to raise a right to relief above the speculative level"). Although it is incumbent upon this Court to construe this *pro se* Plaintiff's Complaint in the light most favorable to him, we cannot interject allegations or facts that have not been plead. *Jemzura v. Pub. Serv. Com'n,* 961 F. Supp. 406, 413 (N.D.N.Y. 1997) (citing *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) for the proposition that "[e]ven a *pro se* Complaint must be dismissed if it contains only conclusory, vague or general allegations") (internal quotation marks omitted).

We therefore recommend that the Defendants' Motion to Dismiss be **granted** on these claims.

### 3. *7 N.Y.C.R.R. § 301.6*

Plaintiff claims that his due process rights were violated and he suffered severe psychological and physical injuries when he was forced to serve his keeplock confinement under SHU restrictions. Compl. at ¶¶ 35-40. In order to state a valid due process claim under § 1983, Plaintiff must establish he had a protected liberty interest. *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (citing

*Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Inmates' liberty interests may be derived from the Due Process Clause itself or from state statutes and regulations. *Id.* at 334. The State of New York has explicitly permitted keeplock sentences to be served in SHU and subject to the same restrictions on amenities such as visitation, commissary, telephone, etc. N.Y. COMP. CODES R. & REGS. tit. 7 §§ 301.6 & 302.2. Thus, there is no state-created liberty interest upon which a valid due process claim might be based. *See Halloway v. Goord*, 2007 WL 2789499, at *5-6 (N.D.N.Y. Sept. 24, 2007) (holding inmate had no constituional nor state-created liberty interest when forced to serve his keeplock sentence in SHU).

As per liberty interests arising out of the Due Process Clause itself, the Supreme Court has narrowly circumscribed the scope of the Due Process clause "to protect no more than the 'most basic liberty interests in prisoners.'" *Arce v. Walker*, 139 F.3d at 333 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). The Due Process Clause does not protect against "every change in the conditions of confinement having a substantial adverse impact" on inmates if those changes are "within the normal limits or range of custody which the conviction has authorized the state to impose." *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

In this case, Plaintiff's transfer from keeplock to SHU after being sentenced to a period of time[7] to be served in keeplock at a Disciplinary Hearing was not so "unexpected," *Sandin v. Conner*, 515 U.S. at 484, nor "qualitatively different from the punishment characteristically suffered by a person convicted of crime," *Vitek v. Jones*, 445 U.S. 480, 493 (1980) as to implicate a liberty interest arising out of the Due Process Clause itself. *Carlisle v. Goord*, 2007 WL 2769566, at *12-13 (N.D.N.Y. Sept. 27, 2007) (holding that involuntary transfer from keeplock confinement to SHU

---

[7] It is not clear for what infraction Plaintiff was sentenced, nor the length of the sentence in question, although it was apparently over five months in keeplock. *See* Compl. at ¶ 48.

does not constitute a due process violation); *see also Chavis v. Kienert*, 2005 WL 2452150, at *9-10 (N.D.N.Y. Sept. 30, 2005).

Because no liberty interest has been implicated, it is recommended that this due process claim be **dismissed** for failure to state a claim upon which relief can be granted.

### 4. *Fabricated AHR*

Plaintiff's claim that Defendant White fabricated a report in Plaintiff's AHR that Plaintiff had pulled the smoke detector off of the ceiling does not constitute a constitutional violation. Even assuming that the report was false, prisoners have "no general constitutional right to be free from being falsely accused[.]" *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Gill v. Riddick*, 2005 WL 755745, at *7 (N.D.N.Y. Mar. 31, 2005). While inmates may have a valid cause of action where a false misbehavior report is filed *in retaliation* for the exercise of a constitutional right, *see, e.g., Gill v. Riddick*, 2005 WL 755745 at *7, Plaintiff has not established nor alleged that he was engaged in constitutionally protected conduct.

Therefore, it is recommended that this claim be **dismissed**.

### C. Eighth Amendment Claim

Plaintiff alleges that on October 9, 2003, he was unlawfully given a medicated needle by Defendant White upon orders from Defendant Lt. O'Donnell which were based on false information. Compl. at ¶ 65. We have liberally construed this allegation as an Eighth Amendment claim.

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The first prong is an objective standard and considers

whether the medical condition is sufficiently serious. The Second Circuit has stated that a medical need is serious if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin* ("*Hathaway I*"), 37 F.3d 63, 66 (2d Cir. 1994)). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individuals daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. 294, 301-03 (1991); *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer*). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

In this case, Plaintiff has alleged only that he was "illegally" injected by Defendant White by order of Defendant Lt. O'Donnell. Compl. at ¶ 65. Plaintiff has failed to identify any serious

existing or resulting medical condition under the objective prong of the deliberative indifference test. Absent such a claim, Plaintiff's conclusory allegation that he was wrongly injected does not constitute an Eighth Amendment claim upon which relief can be granted. *See Bell. Atl. Corp. v. Twombly*, 127 S. Ct. at 1958-59 (stating that a valid claim must have enough factual allegations "to raise a right to relief above the speculative level"). In addition, according to Plaintiff's own submissions, Defendant White injected Plaintiff at the direction of Lt. O'Donnell and based on false information. Compl. at ¶ 65. Plaintiff does not assert that Defendant White had any intent to harm him, nor that White was reckless or even negligent in any way. Thus, Plaintiff's claim fails under both prongs of the deliberate indifference standard.

For these reasons, it is recommended that these claims be **dismissed.**

### D. Qualified Immunity

Defendants plead the affirmative defense of qualified immunity. However, because we are recommending dismissal of Plaintiff's claims for failure to state a claim upon which relief can be granted, we need not address this defense.[8] *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries regarding qualified immunity.").

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendants' Motion to Dismiss (Dkt. Nos. 23 & 29) be **granted**; and it is further

**RECCOMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **dismissed** as to Defendants

---

[8] Similarly, we will not consider Plaintiff's request for injunctive relief.

Goord, Selsky, Girdich, and White; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   February 8, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge